1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON,
AT TACOMA

8

9  COUNTRY MUTUAL INSURANCE
   COMPANY, an Illinois corporation
   individually and as successor in interest to
10 HOLYOKE MUTUAL INSURANCE
   COMPANY IN SALEM,
11

12                              Plaintiff,

13         vs.

14 EVERGREEN LANDING, LLC

15                              Defendant.

Cause No. 3:20-cv-05337 RJB-TLF

**SUPPLEMENTAL DECLARATION OF
MISTY EDMUNDSON IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT**

16
17      I, Misty Edmundson, make the following declaration certified to be true under penalty

18 of perjury pursuant to 28 U.S. Code § 1746:

19      1.      I am over eighteen years of age, competent to testify in this matter, and this

20 declaration is based on direct personal knowledge.

21      2.      I am one of the attorneys representing Country Mutual Insurance Company,

22 individually and as a successor in interest to Holyoke Mutual Insurance Company in Salem in

23 the above captioned matter.

SUPPLEMENTAL DECLARATION OF MISTY EDMUNDSON IN
SUPPORT OF MOTION FOR SUMMARY JUDGMENT – 1
USDC WD WA/TACOMA CAUSE NO.  3:20-cv-05337 RJB-TLF

1218.00009 mg232808fd

3.      Attached hereto as Exhibit A is a true and correct copy of the e-mail correspondence from Linda Foreman to Misty Edmundson dated June 26, 2020, requesting the motion for summary judgment be re-filed on July 24, 2020 and noting defendant's response brief was due the day following the Fourth of July holiday.

4.      Attached hereto as Exhibit B is a true and correct copy of the e-mail correspondence from Misty Edmundson to Linda Foreman dated June 26, 2020.

4.      Attached hereto as Exhibit C is a true and correct copy of the e-mail correspondence from Misty Edmundson to Linda Foreman dated June 30, 2020, regarding Plaintiff's willingness to re-note the motion for summary judgment for July 24, 2020.

5.      Attached hereto as Exhibit D is a true and correct copy of the e-mail correspondence from Misty Edmundson to Linda Foreman dated July 16, 2020.

6.      Attached hereto as Exhibit E is a true and correct copy of the Notice of Motion Re-Noted for July 24, 2020 [ECF 17].

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 24th day of July, 2020 at Seattle, Washington.


By:   */s/Misty Edmundson*
        Misty Edmundson

SUPPLEMENTAL DECLARATION OF MISTY EDMUNDSON IN
SUPPORT OF MOTION FOR SUMMARY JUDGMENT – 2
USDC WD WA/TACOMA CAUSE NO.  3:20-cv-05337 RJB-TLF

SOHA & LANG, P.S.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, STE 2000
SEATTLE, WASHINGTON  98101
(206) 624-1800/FAX (206) 624-3585

1218.00009 mg232808fd

# EXHIBIT A

**Angela Murray**

| | |
|---|---|
| **From:** | Linda Foreman <linda@foremansturm.com> |
| **Sent:** | Friday, June 26, 2020 12:16 PM |
| **To:** | Misty Edmundson |
| **Cc:** | Angela Murray; Cristin Cavanaugh |
| **Subject:** | RE:  Country Mutual v. Evergreen Landing |

I held off on everything because I was waiting for the Plaintiffs' depositions to be completed, which were supposed to be the first week in June.  They have been continually put off and now they are scheduled for Tuesday. My understanding is the delay arose because of COVID-19.  Defense counsel wanted in-person depositions. Ms. Casto claimed her medical condition put her at risk but agreed to a deposition on June 30.  The depositions could reveal facts raising the potential of covered loss; extrinsic evidence CM is bound to consider.   I think Magistrate Fricke will understand this and as trial in the Thurson County case is a long way out (I don't know if it is even noted but the COVID situation has moved civile cases to the back.), your client is not prejudiced by paying defense expenses.

Your recounting of our conversations is basically accurate, but casual conversations are not the same as coordinating as required in the Local Rules.  But, if you want to make that pitch to the Court, fine.  Pressng forward in the current litigation slowdown and noting a motion requiring a response the day following the 4th of July holiday is unnecessary.  Further,  we will argue CM is anxious to get a judgment against its insured for reimbursement of defense fees in order to have payment priority over a judgment the Plaintiffs may get a year from now.  In that regard, I am urging Plaintiffs' counsel to get involved in the DJ action.  He could file a Motion to Intervene or I could move to join.  As his clients have an interest in the outcome, I think you should have included them to begin with.

As for scheduling an MSJ—I assume transcripts will be available within two weeks of the deposition.  You and I have to review and incorporate in our motions.  How about filing four weeks from today, July 24?

Thanks for doing the Joint Status draft.  Why don't we talk on Monday afternoon, when I have had a chance to review?  Pick a time.

**From:** Misty Edmundson <edmundson@sohalang.com>
**Sent:** Friday, June 26, 2020 10:18 AM
**To:** Linda Foreman <linda@foremansturm.com>
**Cc:** Angela Murray <murray@sohalang.com>; Cristin Cavanaugh <cavanaugh@sohalang.com>
**Subject:** RE: Country Mutual v. Evergreen Landing

Linda,

We discussed, at length, that I would be filing an "early"  motion for summary judgment and to my recollection, you never stated that you wanted to file a cross-motion; rather you stated that you would likely request that the case be

stayed and that you thought you could defeat my motion.  On May 11th, I confirmed with you, through email, that we would be moving forward with our plan to swiftly litigate the coverage issues and that per our prior conversations, I expected that you would likely file a motion to stay, which we would oppose.  I heard nothing back.

Five weeks later, we filed our summary judgment motion on 6/18.  Yet, we did not hear anything from you regarding wanting to coordinate "cross-motions" until a full week later, in an after-hours email.   All that said, I will discuss your request with my client regarding rescheduling;  to that end,  are you actually planning on filing a cross-motion?

However, I disagree that any of the issues we have teed up in the summary judgment motion are premature or moot and we are unlikely to agree to any sort of limited scope for summary judgment. I expect we also will make our Initial disclosures by July 6th and I don't anticipate a problem meeting that deadline.

We can talk today or Monday – I have availability either day, just let me know when works for you.  In the interim, I will go ahead and put together a draft Joint Status Report for discussion which I hope to email you later this afternoon.  Thanks.

Misty A. Edmundson
Soha & Lang, P.S.
1325 Fourth Avenue, Suite 2000
Seattle, WA  98101
tel:  (206) 624-1800
fax:  (206) 624-3585
e-mail:  edmundson@sohalang.com
Visit www.NorthwestCoverageLaw.com , the Soha & Lang insurance coverage blog.

This message is intended for the exclusive use of the person to whom it is transmitted and may contain information that is privileged and confidential. If you are not the intended recipient, any disclosure, printing, copying, distribution or other use of this message or its content is strictly prohibited. If you have received this communication in error, please immediately notify me by return email or telephone and delete the copy you received. Thank you.

**From:** Linda Foreman [mailto:linda@foremansturm.com]
**Sent:** Thursday, June 25, 2020 10:10 PM
**To:** Misty Edmundson
**Subject:** RE: Country Mutual v. Evergreen Landing

I wanted to address a few topics with you.   Maybe our FRCP conference will work.

1. FRCP 26(f) Conference should be completed by Monday.  I am around tomorrow, Friday, and all day Monday.
2. The Initial Disclosures are due July 6.  I am working on ours and should have everything by that date.
3. MSJ—The local rules require counsel to coordinate briefing on cross motions.  You set your unilaterally.  I assumed the main reason was to send a signal to Plaintiffs.  Can we talk about rescheduling?  Also, I propose we limit it to the duty to defend as the indemnity issues is premature and the fees reimbursement is moot if there is a duty to defend.

If you would rather take a shot at the Joint Status report, incorporating my suggestions, we could dispense with the conference call and set a date to talk about the draft.
Let me know when you are available. Let me know when you are available.



**Linda L. Foreman**
**Attorney**
**T:** 425-377-1100
**E:** linda@foremansturm.com | foremansturm.com
Seattle, Washington
**Insurance Recovery, Construction, Real Estate & Development**

# EXHIBIT B

**Angela Murray**

---

| | |
|---|---|
| **From:** | Misty Edmundson |
| **Sent:** | Friday, June 26, 2020 1:11 PM |
| **To:** | Linda Foreman |
| **Cc:** | Angela Murray; Cristin Cavanaugh |
| **Subject:** | RE:  Country Mutual v. Evergreen Landing |

Linda,

Also, before I respond substantively to everything below (which I cannot do without speaking to my client – which I have not done yet), I want to let you know it was never our intent, when we filed the motion for summary judgment, to have your response due  the day after a holiday.  I honestly did not even do the math on the timing of the briefs – given the Covid situation, holidays have become sort of obsolete to me since all the days are sort of blurring into one another.  We, of course, would be willing, regardless of whether we can agree to reschedule the actual motion itself, to stipulate to an alternative  briefing schedule so your brief would not be due right after the holiday.

In any event, we can discuss further on Monday.

Misty A. Edmundson
Soha & Lang, P.S.
1325 Fourth Avenue, Suite 2000
Seattle, WA  98101
tel:  (206) 624-1800
fax:  (206) 624-3585
e-mail:  edmundson@sohalang.com
Visit www.NorthwestCoverageLaw.com , the Soha & Lang insurance coverage blog.

This message is intended for the exclusive use of the person to whom it is transmitted and may contain information that is privileged and confidential. If you are not the intended recipient, any disclosure, printing, copying, distribution or other use of this message or its content is strictly prohibited. If you have received this communication in error, please immediately notify me by return email or telephone and delete the copy you received. Thank you.

**From:** Linda Foreman [mailto:linda@foremansturm.com]
**Sent:** Friday, June 26, 2020 12:16 PM
**To:** Misty Edmundson
**Cc:** Angela Murray; Cristin Cavanaugh
**Subject:** RE: Country Mutual v. Evergreen Landing

I held off on everything because I was waiting for the Plaintiffs' depositions to be completed, which were supposed to be the first week in June.  They have been continually put off and now they are scheduled for Tuesday. My understanding is the delay arose because of COVID-19.  Defense counsel wanted in-person depositions. Ms. Casto claimed her medical condition put her at risk but agreed to a deposition on June 30.  The depositions could reveal facts raising the potential of covered loss; extrinsic evidence CM is bound to consider.   I think Magistrate Fricke will understand this and as trial in the Thurson County case is a long way out (I don't know if it is even noted but the COVID situation has moved civile cases to the back.), your client is not prejudiced by paying defense expenses.

Your recounting of our conversations is basically accurate, but casual conversations are not the same as coordinating as required in the Local Rules.  But, if you want to make that pitch to the Court, fine. Pressng forward in the current litigation slowdown and noting a motion requiring a response the day following the 4th of July holiday is unnecessary.  Further,  we will argue CM is anxious to get a judgment against its insured for reimbursement of defense fees in order to have payment priority over a judgment the Plaintiffs may get a year from now.  In that regard, I am urging Plaintiffs' counsel to get involved in the DJ action.  He could file a Motion to Intervene or I could move to join.   As his clients have an interest in the outcome, I think you should have included them to begin with.

As for scheduling an MSJ—I assume transcripts will be available within two weeks of the deposition.  You and I have to review and incorporate in our motions.  How about filing four weeks from today, July 24?

Thanks for doing the Joint Status draft.  Why don't we talk on Monday afternoon, when I have had a chance to review?  Pick a time.

---

**From:** Misty Edmundson <edmundson@sohalang.com>
**Sent:** Friday, June 26, 2020 10:18 AM
**To:** Linda Foreman <linda@foremansturm.com>
**Cc:** Angela Murray <murray@sohalang.com>; Cristin Cavanaugh <cavanaugh@sohalang.com>
**Subject:** RE: Country Mutual v. Evergreen Landing

Linda,

We discussed, at length, that I would be filing an "early"  motion for summary judgment and to my recollection, you never stated that you wanted to file a cross-motion; rather you stated that you would likely request that the case be stayed and that you thought you could defeat my motion.  On May 11th, I confirmed with you, through email, that we would be moving forward with our plan to swiftly litigate the coverage issues and that per our prior conversations, I expected that you would likely file a motion to stay, which we would oppose.  I heard nothing back.

Five weeks later, we filed our summary judgment motion on 6/18.  Yet, we did not hear anything from you regarding wanting to coordinate "cross-motions" until a full week later, in an after-hours email.   All that said, I will discuss your request with my client regarding rescheduling;  to that end,  are you actually planning on filing a cross-motion?

However, I disagree that any of the issues we have teed up in the summary judgment motion are premature or moot and we are unlikely to agree to any sort of limited scope for summary judgment. I expect we also will make our Initial disclosures by July 6th and I don't anticipate a problem meeting that deadline.

We can talk today or Monday – I have availability either day, just let me know what works for you.  In the interim, I will go ahead and put together a draft Joint Status Report for discussion which I hope to email you later this afternoon.  Thanks.

Misty A. Edmundson
Soha & Lang, P.S.
1325 Fourth Avenue, Suite 2000

Seattle, WA  98101
tel:  (206) 624-1800
fax:  (206) 624-3585
e-mail:  edmundson@sohalang.com
Visit www.NorthwestCoverageLaw.com , the Soha & Lang insurance coverage blog.

This message is intended for the exclusive use of the person to whom it is transmitted and may contain information that is privileged and confidential. If you are not the intended recipient, any disclosure, printing, copying, distribution or other use of this message or its content is strictly prohibited. If you have received this communication in error, please immediately notify me by return email or telephone and delete the copy you received. Thank you.

**From:** Linda Foreman [mailto:linda@foremansturm.com]
**Sent:** Thursday, June 25, 2020 10:10 PM
**To:** Misty Edmundson
**Subject:** RE: Country Mutual v. Evergreen Landing

I wanted to address a few topics with you.   Maybe our FRCP conference will work.

1. FRCP 26(f) Conference should be completed by Monday.  I am around tomorrow, Friday, and all day Monday.
2. The Initial Disclosures are due July 6.  I am working on ours and should have everything by that date.
3. MSJ—The local rules require counsel to coordinate briefing on cross motions.  You set your unilaterally.  I assumed the main reason was to send a signal to Plaintiffs.  Can we talk about rescheduling?  Also, I propose we limit it to the duty to defend as the indemnity issues are premature and the fees reimbursement is moot if there is a duty to defend.

If you would rather take a shot at the Joint Status report, incorporating my suggestions, we could dispense with the conference call and set a date to talk about the draft.
Let me know when you are available. Let me know when you are available.



**Linda L. Foreman**
**Attorney**
**T:** 425-377-1100
**E:** linda@foremansturm.com | foremansturm.com
Seattle, Washington
**Insurance Recovery, Construction, Real Estate & Development**

# EXHIBIT C

**Angela Murray**

| | |
|---|---|
| **From:** | Misty Edmundson |
| **Sent:** | Tuesday, June 30, 2020 2:46 PM |
| **To:** | Linda Foreman |
| **Cc:** | Angela Murray; Cristin Cavanaugh |
| **Subject:** | RE:  Country Mutual v. Evergreen Landing |

Sure, please go ahead and add it in where you think it makes the most sense.

With regard to the pending SJ, we are willing to re-note it for 7/24, which would make your brief due on 7/20.  If you do indeed file a cross-motion on the duty to defend on 7/24 as you indicated you will, we will then agree to stipulate to the court that our pending motion and your cross-motion should be decided together after all the briefing on your cross-motion is complete.  If you do not file a cross-motion by 7/24, we will request the court timely rule on our motion.  Let me know if that meets with your approval and we can get the renote for the motion filed.  Thank you.

Misty A. Edmundson
Soha & Lang, P.S.
1325 Fourth Avenue, Suite 2000
Seattle, WA  98101
tel:  (206) 624-1800
fax:  (206) 624-3585
e-mail:  edmundson@sohalang.com
Visit www.NorthwestCoverageLaw.com , the Soha & Lang insurance coverage blog.

This message is intended for the exclusive use of the person to whom it is transmitted and may contain information that is privileged and confidential. If you are not the intended recipient, any disclosure, printing, copying, distribution or other use of this message or its content is strictly prohibited. If you have received this communication in error, please immediately notify me by return email or telephone and delete the copy you received. Thank you.

**From:** Linda Foreman [mailto:linda@foremansturm.com]
**Sent:** Tuesday, June 30, 2020 12:55 PM
**To:** Misty Edmundson
**Cc:** Angela Murray; Cristin Cavanaugh
**Subject:** RE: Country Mutual v. Evergreen Landing

Misty,
This JSR looks fine to me.  I checked with defense counsel on the trial date in the Underlying matter—March 15, 2021.  She expects it to get pushed out.  Should we add this?

**FOREMAN STURM THEDE**

**Linda L. Foreman**
**Attorney**
**T:** 425-377-1100
**E:** linda@foremansturm.com | foremansturm.com
Seattle, Washington
**Insurance Recovery, Construction, Real Estate & Development**

**From:** Misty Edmundson <edmundson@sohalang.com>
**Sent:** Monday, June 29, 2020 2:32 PM
**To:** Linda Foreman <linda@foremansturm.com>
**Cc:** Angela Murray <murray@sohalang.com>; Cristin Cavanaugh <cavanaugh@sohalang.com>
**Subject:** RE: Country Mutual v. Evergreen Landing

Linda, I made some additional changes.  See attached.  Do you want to try to have a call at 3?  Thanks.

Misty A. Edmundson
Soha & Lang, P.S.
1325 Fourth Avenue, Suite 2000
Seattle, WA  98101
tel:  (206) 624-1800
fax:  (206) 624-3585
e-mail:  edmundson@sohalang.com
Visit www.NorthwestCoverageLaw.com , the Soha & Lang insurance coverage blog.

This message is intended for the exclusive use of the person to whom it is transmitted and may contain information that is privileged and confidential. If you are not the intended recipient, any disclosure, printing, copying, distribution or other use of this message or its content is strictly prohibited. If you have received this communication in error, please immediately notify me by return email or telephone and delete the copy you received. Thank you.

**From:** Linda Foreman [mailto:linda@foremansturm.com]
**Sent:** Monday, June 29, 2020 11:14 AM
**To:** Misty Edmundson
**Cc:** Angela Murray; Cristin Cavanaugh
**Subject:** RE: Country Mutual v. Evergreen Landing

Here are my changes to the JSR.  I use an editing program, WORDRAKE, which takes out extraneous words, passive voice, etc.  I did not accept all its edits but many.  Don't take these personally.

Let me know when you want to talk.



**Linda L. Foreman**
**Attorney**
**T:** 425-377-1100
**E:** linda@foremansturm.com | foremansturm.com
Seattle, Washington
**Insurance Recovery, Construction, Real Estate & Development**

**From:** Misty Edmundson <edmundson@sohalang.com>
**Sent:** Friday, June 26, 2020 12:56 PM
**To:** Linda Foreman <linda@foremansturm.com>
**Cc:** Angela Murray <murray@sohalang.com>; Cristin Cavanaugh <cavanaugh@sohalang.com>
**Subject:** RE: Country Mutual v. Evergreen Landing

Linda,

Thank you for your email below.  We will consider your position.  In the interim, please find attached a draft Joint Status Report.  I look forward to speaking with you on Monday.  Thanks.

Misty A. Edmundson
Soha & Lang, P.S.
1325 Fourth Avenue, Suite 2000
Seattle, WA  98101
tel:  (206) 624-1800
fax:  (206) 624-3585
e-mail:  edmundson@sohalang.com
Visit www.NorthwestCoverageLaw.com , the Soha & Lang insurance coverage blog.

This message is intended for the exclusive use of the person to whom it is transmitted and may contain information that is privileged and confidential. If you are not the intended recipient, any disclosure, printing, copying, distribution or other use of this message or its content is strictly prohibited. If you have received this communication in error, please immediately notify me by return email or telephone and delete the copy you received. Thank you.

---

**From:** Linda Foreman [mailto:linda@foremansturm.com]
**Sent:** Friday, June 26, 2020 12:16 PM
**To:** Misty Edmundson
**Cc:** Angela Murray; Cristin Cavanaugh
**Subject:** RE: Country Mutual v. Evergreen Landing

I held off on everything because I was waiting for the Plaintiffs' depositions to be completed, which were supposed to be the first week in June.  They have been continually put off and now they are scheduled for Tuesday. My understanding is the delay arose because of COVID-19.  Defense counsel wanted in-person depositions. Ms. Casto claimed her medical condition put her at risk but agreed to a deposition on June 30.  The depositions could reveal facts raising the potential of covered loss; extrinsic evidence CM is bound to consider.   I think Magistrate Fricke will understand this and as trial in the Thurson County case is a long way out (I don't know if it is even noted but the COVID situation has moved civile cases to the back.), your client is not prejudiced by paying defense expenses.

Your recounting of our conversations is basically accurate, but casual conversations are not the same as coordinating as required in the Local Rules.  But, if you want to make that pitch to the Court, fine.  Pressng forward in the current litigation slowdown and noting a motion requiring a response the day following the 4th of July holiday is unnecessary.  Further,  we will argue CM is anxious to get a judgment against its insured for reimbursement of defense fees in order to have payment priority over a judgment the Plaintiffs may get a year from now.  In that regard, I am urging Plaintiffs' counsel to get involved in the DJ action.  He could file a Motion to Intervene or I could move to join.   As his clients have an interest in the outcome, I think you should have included them to begin with.

As for scheduling an MSJ—I assume transcripts will be available within two weeks of the deposition.  You and I have to review and incorporate in our motions.  How about filing four weeks from today, July 24?

Thanks for doing the Joint Status draft.  Why don't we talk on Monday afternoon, when I have had a chance to review?  Pick a time.

**From:** Misty Edmundson <edmundson@sohalang.com>
**Sent:** Friday, June 26, 2020 10:18 AM
**To:** Linda Foreman <linda@foremansturm.com>
**Cc:** Angela Murray <murray@sohalang.com>; Cristin Cavanaugh <cavanaugh@sohalang.com>
**Subject:** RE: Country Mutual v. Evergreen Landing

Linda,

We discussed, at length, that I would be filing an "early" motion for summary judgment and to my recollection, you never stated that you wanted to file a cross-motion; rather you stated that you would likely request that the case be stayed and that you thought you could defeat my motion.  On May 11th, I confirmed with you, through email, that we would be moving forward with our plan to swiftly litigate the coverage issues and that per our prior conversations, I expected that you would likely file a motion to stay, which we would oppose.  I heard nothing back.

Five weeks later, we filed our summary judgment motion on 6/18. Yet, we did not hear anything from you regarding wanting to coordinate "cross-motions" until a full week later, in an after-hours email.   All that said, I will discuss your request with my client regarding rescheduling;  to that end,  are you actually planning on filing a cross-motion?

However, I disagree that any of the issues we have teed up in the summary judgment motion are premature or moot and we are unlikely to agree to any sort of limited scope for summary judgment. I expect we also will make our Initial disclosures by July 6th and I don't anticipate a problem meeting that deadline.

We can talk today or Monday – I have availability either day, just let me know when works for you.  In the interim, I will go ahead and put together a draft Joint Status Report for discussion which I hope to email you later this afternoon.  Thanks.

Misty A. Edmundson
Soha & Lang, P.S.
1325 Fourth Avenue, Suite 2000
Seattle, WA  98101
tel:  (206) 624-1800
fax:  (206) 624-3585
e-mail:  edmundson@sohalang.com
Visit www.NorthwestCoverageLaw.com , the Soha & Lang insurance coverage blog.

This message is intended for the exclusive use of the person to whom it is transmitted and may contain information that is privileged and confidential. If you are not the intended recipient, any disclosure, printing, copying, distribution or other use of this message or its content is strictly prohibited. If you have received this communication in error, please immediately notify me by return email or telephone and delete the copy you received. Thank you.

**From:** Linda Foreman [mailto:linda@foremansturm.com]
**Sent:** Thursday, June 25, 2020 10:10 PM
**To:** Misty Edmundson
**Subject:** RE: Country Mutual v. Evergreen Landing

I wanted to address a few topics with you.   Maybe our FRCP conference will work.

1. FRCP 26(f) Conference should be completed by Monday.  I am around tomorrow, Friday, and all day Monday.
2. The Initial Disclosures are due July 6.  I am working on ours and should have everything by that date.
3. MSJ — The local rules require counsel to coordinate briefing on cross motions.  You set your unilaterally.  I assumed the main reason was to send a signal to Plaintiffs.  Can we talk about rescheduling?  Also, I propose we limit it to the duty to defend as the indemnity issues is premature and the fees reimbursement is moot if there is a duty to defend.

If you would rather take a shot at the Joint Status report, incorporating my suggestions, we could dispense with the conference call and set a date to talk about the draft.
Let me know when you are available. Let me know when you are available.

**FOREMAN STURM THEDE**

**Linda L. Foreman**
**Attorney**
**T:** 425-377-1100
**E:** linda@foremansturm.com | foremansturm.com
Seattle, Washington
**Insurance Recovery, Construction, Real Estate & Development**

# EXHIBIT D

**Angela Murray**

| | |
|---|---|
| **From:** | Misty Edmundson |
| **Sent:** | Thursday, July 16, 2020 1:20 PM |
| **To:** | linda@foremansturm.com |
| **Cc:** | Angela Murray; Cristin Cavanaugh |
| **Subject:** | RE:    Evergreen--Mediation & DJ |

Linda,

I am unclear what your basis for a complaint to the Washington State Insurance Commissioner is.  Our MSJ was originally scheduled to be heard on July 10th.  At the end of June, you contacted us, wanting us to take the motion off calendar and refile it on July 24th.  At that time, you noted that your response brief was due the Monday after the July 4th holiday.  In response, we offered to compromise and re-note the motion to be heard on July 24th, which would give you an extra two weeks to file your response brief.  You never responded to our overture, but you did not file a response brief by the case deadline date either.  As a courtesy to you, we re-noted the MSJ to July 24th anyway, even though there was never an agreement with you to do so, and even in the face of the fact that by the time we re-noted, you had already missed your opposition briefing deadline.

The issues presented in Country Mutual's motion are purely questions of law properly before the court at this time.  The Washington Supreme Court has dictated to insurers that their correct course of action when they believe coverage is not afforded and they are defending under reservation of rights, is to file a declaratory relief action and to promptly seek a ruling on the coverage issues.  Country Mutual has acted in conformance with this mandate from the Washington Supreme Court.  Specifically, the duty to defend is a question of law that is uniquely suited for resolution on early summary judgment since the universe of material facts is extremely limited when, as is the case here, the complaint in the Liability Action is adequately plead and unambiguous.   If there is no possibility of coverage under the duty to defend standard, then there would be no indemnity afforded either.  The issues teed up in the MSJ are straightforward questions of law timely presented for resolution.

There simply does not appear to be a  basis to put off a hearing on Country Mutual's pending motion indefinitely as you appear to be demanding.  If I have misunderstood your position or demand, please let me know.  Thank you.

Misty A. Edmundson
Soha & Lang, P.S.
1325 Fourth Avenue, Suite 2000
Seattle, WA  98101
tel:  (206) 624-1800
fax:  (206) 624-3585
e-mail:  edmundson@sohalang.com
Visit www.NorthwestCoverageLaw.com , the Soha & Lang insurance coverage blog.

This message is intended for the exclusive use of the person to whom it is transmitted and may contain information that is privileged and confidential. If you are not the intended recipient, any disclosure, printing, copying, distribution or other use of this message or its content is strictly prohibited. If you have received this communication in error, please immediately notify me by return email or telephone and delete the copy you received. Thank you.

**From:** Linda Foreman <linda@foremansturm.com>
**Sent:** Wednesday, July 15, 2020 2:53 PM

1

**To:** Misty Edmundson <edmundson@sohalang.com>; Cristin Cavanaugh <cavanaugh@sohalang.com>
**Subject:** FW: Evergreen--Mediation & DJ
**Importance:** High

Ladies,

See Amy Saack's email below.  The mediation is going to happen.  Will CM put off the MSJ?  Let me know ASAP?
We will be contacting the court about a continuance and making a WOIC complaint.  That all seems unnecessary.



**Linda L. Foreman**
**Attorney**
**T:** 425-377-1100
**E:** linda@foremansturm.com | foremansturm.com
Seattle, Washington
**Insurance Recovery, Construction, Real Estate & Development**

---

**From:** Saack, Amy <asaack@davisrothwell.com>
**Sent:** Wednesday, July 15, 2020 2:33 PM
**To:** Linda Foreman <linda@foremansturm.com>
**Subject:** RE: [External] Evergreen--Mediation

Hi Linda,

I think our adjuster will be interested in mediation and I have recommended it. I think anyone else I contact from CM will want to defer to our adjuster (especially given the proposed mediator's available dates), who will be in the office again Monday and I can call her then.

Judge Berschauer is not available in August, but does have availability September 1 through 18 (except Sep. 17).  He stated the last week in August may become available. He also cc'd Tom Westbrook on our inquiry, which is fine.

Thanks,
Amy

---

## Amy L. Saack

**ATTORNEY IN OREGON & WASHINGTON**

**T** (503) 222-4422   **F** (503) 222-4428

200 SW Market Street, Suite 1800, Portland, OR 97201



# EXHIBIT E

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON,
AT TACOMA

| | |
|---|---|
| COUNTRY MUTUAL INSURANCE COMPANY, an Illinois corporation individually and as successor in interest to HOLYOKE MUTUAL INSURANCE COMPANY IN SALEM, | Cause No. 3:20-cv-05337 RJB-TLF |
| | **NOTICE OF MOTION RE-NOTED** |
| Plaintiff, | |
| vs. | |
| EVERGREEN LANDING, LLC | |
| Defendant. | |

PLEASE TAKE NOTICE that Plaintiff Country Mutual Insurance Company, individually and as successor in interest to Holyoke Mutual Insurance Company in Salem's ("Country Mutual") Motion for Summary Judgment [ECF 11], which was originally noted for Friday July 10, 2020, is now re-noted for Friday, July 24, 2020.

DATED this 10th day of July, 2020.

SOHA & LANG, P.S.

NOTICE OF MOTION RE-NOTED – 1
USDC WD WA/TACOMA CAUSE NO. 3:20-cv-05337 RJB-TLF

SOHA & LANG, P.S.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, STE 2000
SEATTLE, WASHINGTON 98101
(206) 624-1800/Fax (206) 624-3585

1218.00009 mg10cr03t5

By:    */s/Misty Edmundson*
    Misty Edmundson, WSBA # 29606
    Email address edmundson@sohalang.com
    Cristin A. Cavanaugh, WSBA # 53251
    Email address cavanaugh@sohalang.com
    **Soha & Lang, P.S.**
    1325 Fourth Avenue, Suite 2000
    Seattle, WA  98101-2570
    Telephone:  206-624-1800
    Facsimile:  206-624-3585
    Attorneys for Plaintiff Country Mutual
    Insurance Company, an Illinois corporation
    individually and as successor in interest to
    Holyoke Mutual Insurance Company in Salem

NOTICE OF MOTION RE-NOTED – 2
USDC WD WA/TACOMA CAUSE NO.  3:20-cv-05337 RJB-TLF

SOHA & LANG, P.S.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, STE 2000
SEATTLE, WASHINGTON  98101
(206) 624-1800/Fax (206) 624-3585

1218.00009 mg10cr03t5