1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
FOR WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

| | |
|---|---|
| COUNTRY MUTUAL INSURANCE COMPANY, an Illinois corporation individually and as successor in interest to HOLYOKE MUTUAL INSURANCE COMPANY IN SALEM,<br><br>        Plaintiffs,<br><br>        v.<br><br>EVERGREEN LANDING, LLC,<br><br>        Defendant. | NO.  3:20-cv-05337-TLF<br><br>DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ON THE DUTY TO DEFEND AND PARTIAL SUMMARY JUDGMENT ON THE DUTY TO INDEMNIFY; JOINED WITH A MOTION TO STAY AND ITS OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT<br><br>NOTED ON MOTION CALENDAR: AUGUST 21, 2020 |

## I. INTRODUCTION

Evergreen Landing, LLC ("Evergreen") asks the Court deny Country Mutual's request to be relieved of its defense and indemnity obligations and rule as a matter of law it must defend the Underlying Action.  It also seeks an order ruling it is entitled to indemnity under the liability coverage found in the Property coverage. Questions of fact preclude ruling on indemnity for bodily injury and the amount of damages of personal property.  Discovery and resolution of these factual issues should be stayed to avoid prejudice to Evergreen's defense in the Underlying Action.

Defendant's Motion for Partial Summary Judgment & Stay and Opposition to Plaintiff's Motion for Summary Judgment
No. 3:20-cv-05337-TLF - 1

FOREMAN STURM & THEDE, LLP
5825 60th St. SE
Snohomish, WA 98290
Telephone (425) 377-1100
linda@foremansturm.com

Country Mutual asserts the fungus and pollution exclusions preclude coverage for defense and indemnity. Evergreen contests this because the Casto/Jacobs Complaint alleges covered negligence was the cause of at least some of the "mold." Where the Complaint is clear that covered negligence is the efficient proximate cause ("EPC") of at least some of the "mold", the EPC rule requires this court to find a duty to defend against all allegations. In other instances, however, the Complaint fails to allege the EPC of the mold. As a result of this ambiguity, Evergreen relies on the exceptions to the "eight corners rule" allowing extrinsic evidence to be considered. Some form of negligence is the alleged cause of the mold, and again the EPC rule requires a finding in favor of coverage. Finally, the Policies' Property coverage (rather than Liability) has defense and limited indemnity coverage for the Casto/Jacobs claims for damage to their personal property.

## II.  STATEMENT OF FACTS

### A.  Casto/Jacobs Complaint

Evergreen asserts the "eight corners rule" obligates Country Mutual to defend because on the face of the Complaint and under the Policies there exist issues of fact that could *conceivably* result in coverage. *Woo v. Fireman's Fund Ins. Co.*, 161 Wash.2d 53, 164 P.3d 454 (2007). These issues are presented in Casto's/Jacobs' Negligence Claim ("as the direct and proximate result of the negligent actions") and their Breach of the Warranty of Habitability Claim ("failing to exercise reasonable care to repair the conditions complained of") which incorporate allegations of "moisture issues" separate from "mold":[1]

> 3.4    Under the Rental Agreement, Plaintiffs occupied Unit 102 ("the Unit") of Evergreen Landing apartment complex. During their tenancy over a 3-year period beginning in July 2016 and on multiple occasions thereafter, the Plaintiffs notified Defendant the Unit they resided in had continuing mold and moisture issues due to leaking pipes, as well as flooding from the upstairs unit rented to another tenant that had not been remediated by Defendant. As a result, the mold had gotten worse over the years of their tenancy.

---

[1] DKT #1, Exh. B ¶¶ 3.4, 4.1, 4.3 & 4.4

Defendant's Motion for Partial Summary Judgment & Stay and Opposition to Plaintiff's Motion for Summary Judgment
No. 3:20-cv-05337-TLF - 2

**B. Extrinsic Facts**

The exceptions to the "eight corners rule" are : (i) if coverage is not clear from the face of the complaint but could exist, the insurer must investigate and give the insured the benefit of the doubt concerning the duty to defend; and (ii) if the allegations in the complaint are ambiguous or conflict with facts known to the insurer, facts outside the complaint may be considered. *Expedia, Inc. v. Steadfast Ins. Co.,* 180 Wash.2d 793, 802, 329 P.3d 59 (2014). Both exceptions are satisfied here. Evergreen relies primarily upon Ms. Casto's contemporaneous emails to Jackson Rental Properties and her recent deposition testimony. The chronology below is drawn from this evidence and provides detail of the various "moisture issues" and failed repairs, proving Plaintiffs seek to impose liability upon Evergreen due to its alleged negligence in failing to adequately repair pipe leaks resulting in mold and failing to reasonably maintain the premises in a manner that permitted mold growth. [2]

- July 2016. A leaking pipe was repaired. This is referred to in emails and notes by Ms. Casto.

- February 17, 2017. Ms. Casto emailed requesting repairs. "We have previously called on several of them, and someone came out and "fixed" them, but they are still here. One is a major mold issue in the master bathroom ceiling, the next is a leaky fridge and the next is a leaky sink in the kitchen." Ms. Casto testified the pipe causing the leaky sink was fixed but thought the floor should have replaced.

- June 2017. Ms. Casto testified she complained about the dishwasher. Evergreen replaced the dishwasher, but she said mold grew in the new one and could not be removed.

- November 16, 2018. Ms. Casto emailed with maintenance concerns about continuing mold in the Master Bathroom where the leak was repaired in July 1016 and about new flooding in the spare bathroom.

---

[2] Decl. of L. Foreman. Exhibit A--Excerpts from T. Casto Deposition and Exhibit B—emails from Exh. 11 to T. Casto Deposition

Defendant's Motion for Partial Summary Judgment & Stay
and Opposition to Plaintiff's Motion for Summary
Judgment
No. 3:20-cv-05337-TLF - 3

FOREMAN STURM & THEDE, LLP
5825 60th St. SE
Snohomish, WA 98290
Telephone (425) 377-1100
linda@foremansturm.com

**C. Insurance Policy**

The Polices have a broad promise of coverage. County Mutual will defend against any claims alleging damages against Evergreen "because of 'bodily injury' [or] 'property damage'" unless an exclusion clearly and unambiguously excludes coverage. *Xia* leaves no ambiguity. A single allegation that Evergreen's negligence *could* have resulted in the Plaintiffs' bodily injury triggers a duty to defend and leads to indemnity.[3]   To avoid its defense obligations, Country Mutual goes to great lengths to demonstrate why *Xia* and the EPC rule somehow deprive Evergreen of this promised coverage.  To do so, County Mutual must show its exclusions for "mold" and "pollution" apply without any possibility Evergreen's negligence is the EPC of Plaintiffs' bodily injury and property damage. Exclusionary language written to nullify the EPC rule are void as a matter of law. *Key Tronic Corp. Inc, v. Aetna (CIGNA) Fire Underwriters Ins. Co.*, 124 Wash.2d at 626, 881 P.2d 201 (citing *Safeco Ins. Co. of Am. v. Hirschmann*, 112 Wash.2d 621, 629, 773 P.2d 413 (1989)).

Country Mutual relies on the Fungi or Bacteria Exclusion (Liability) (the "mold exclusion") and the Pollution Exclusion (the "pollution exclusion"), which provide as follows:

**t. Fungi Or Bacteria       Form 06 69 01 06** [4]

**(1)** "Bodily injury", "property damage" or "personal and advertising injury" which would not have occurred, in whole or in part, but for the actual, alleged or threatened inhalation of, ingestion of, contact with, exposure to, existence of, or presence of, any "fungi" or bacteria on or within a building or structure, including its contents.

\*\*\*

**(2)** Any loss, cost or expenses arising out of the abating, testing for, monitoring, cleaning up, removing, containing, treating,

---

[3] *Xia v. ProBuilders Specialty Ins. Co.,* 188 Wash. 2d 171, 400 P.3d 1234 (2017)
[4] Dkt #1 at p. 98

FOREMAN STURM & THEDE, LLP
5825 60th St. SE
Snohomish, WA 98290
Telephone (425) 377-1100
linda@foremansturm.com

detoxifying, neutralizing, remediating or
disposing of, or in any
way responding to, or assessing the effects
of, "fungi" or bacteria,
by any insured or by any other person or
entity.
This exclusion does not apply to any "fungi"
or bacteria that are, are on, or are
contained in, a good or product intended for
bodily consumption.

**f. Pollution**[5]
**(1)** "Bodily injury" or "property damage"
arising out of the actual, alleged or
threatened discharge, dispersal, seepage,
migration, release or escape of
"pollutants".

**(2)** Any loss, cost or expense arising out of
any:
    (a) Request, demand, order or statutory
    or regulatory requirement that any
    insured or others test for, monitor,
    clean up, remove, contain, treat, detoxify
    or neutralize, or in any way respond
    to, or assess the effects of,
    "pollutants"; or

    (b) Claim or "suit" by or on behalf of a
    governmental authority for damages
    because of testing for, monitoring,
    cleaning up, removing, containing,
    treating, detoxifying or neutralizing,
    or in any way responding to, or assessing
    the effects of, "pollutants".

    ***

Evergreen relies not only on the Liability Section of the Policies but also the Property

Section.  Country Mutual did not consider the Property Coverage.  The usual property claim is

from the Named Insured, seeking coverage for Loss to insured property caused by a Covered

---

[5] Dkt #1 at pp.77-78

Defendant's Motion for Partial Summary Judgment & Stay
and Opposition to Plaintiff's Motion for Summary
Judgment
No. 3:20-cv-05337-TLF - 5

FOREMAN STURM & THEDE, LLP
5825 60th St. SE
Snohomish, WA 98290
Telephone (425) 377-1100
linda@foremansturm.com

Peril.  However, the coverage in the Country Mutual Policy is broader than that.  If a Covered

Peril results in a Loss to "property of others", Country Mutual can deal directly with those

claimants to adjust their claim for Loss. The coverage applies specifically to tenants' "household

goods".  Country Mutual also accorded itself the right to defend the insured from tenants' claims.

### 5. Loss Payment[6]

**e.** Our payment for loss of or damage to personal
property of others will only be for the
account of the owners of the property. We
may adjust losses with the owners of lost or
damaged property if other than you. If we
pay the owners, such payments will satisfy
your claims against us for the owners' property.
We will not pay the owners more than
their financial interest in the Covered Property.

**f.** We may elect to defend you against suits
arising from claims of owners of property.
We will do this at our expense.

Thus, the Property coverage is liability coverage for Casto's/Jacob's claims for damage to their

personal property.  This coverage is a separate basis for Country Mutual to continue to defend

Evergreen and pay indemnity.

## III.  RELIEF REQUESTED

**A.  Evergreen's Motion for Summary Judgment on the Duty to Defend**

    1.  A declaration Country Mutual has a duty to defend Evergreen in the Underlying

Lawsuit.

    2.  A declaration of indemnity under the Property Coverage for Loss to the

Casto's/Jacob's personal property.

    3.  An order finding there are questions of fact on indemnity on all remaining issues.

    4.  An order granting Evergreen's Motion to Stay this lawsuit pending resolution of the

Underlying Lawsuit.

---

[6] Dkt #1, Exh. B at p. 67

Defendant's Motion for Partial Summary Judgment & Stay
and Opposition to Plaintiff's Motion for Summary
Judgment
No. 3:20-cv-05337-TLF - 6

FOREMAN STURM & THEDE, LLP
5825 60th St. SE
Snohomish, WA 98290
Telephone (425) 377-1100
linda@foremansturm.com

5.  An order granting Evergreen's attorneys fees under Olympic Steamship.

**B.  Country Mutual's Motion for Summary Judgment on Defense and Indemnity**

1.  An order denying Country Mutual's Motion for Summary Judgment on Defense and Indemnity.

## IV.  STATEMENT OF ISSUES

**A. The interpretation and application of *Xia v. ProBuilders Specialty Ins. Co*.**

1. Whether the negligence allegations about repairs and lack of maintenance causing leaks, flooding and "moisture issues", obligate Country Mutual to defend.

2. Whether the cases relied on by Country Mutual to bar coverage under the mold and pollution exclusions alter or abrogate the rule in *Xia* that an allegation of negligence can trigger the duty to defend if the covered negligent act *may* be the efficient proximate cause of the loss.

3. Whether the extrinsic evidence otherwise requires County Mutual to defend where such evidence demonstrates that Plaintiffs' alleged cause of damage is – or could be - the result of Evergreen's allegedly faulty repairs and maintenance.

**B.  Liability coverage under Section I Property**

1.  Whether, on the record before it, there are no material issues of fact precluding the Court from determining as a matter of law that the damage to Casto's and Jacob's personal property was caused by non-excluded water, specifically leakage and condensation, and/or mold caused by the "specified peril" of "water damage", all Covered Causes of Loss.

## V. EVIDENCE RELIED UPON

1. Country Mutual Insurance Policy, Dkt #1, Exh. A at pp.13-98

2. Complaint in the Underlying Lawsuit, *Casto & Jacobs v. Evergreen Landing, LLC*, Dkt #1, Exh. B at pp.102-106

3.  Declaration of Linda Foreman, dated July 23, 2020, with Exhibit A—Excerpts of Deposition of Tiffany Casto; and Exhibit B—Deposition Exh. 11 from Deposition of Tiffany Casto

Defendant's Motion for Partial Summary Judgment & Stay
and Opposition to Plaintiff's Motion for Summary
Judgment
No. 3:20-cv-05337-TLF - 7

FOREMAN STURM & THEDE, LLP
5825 60th St. SE
Snohomish, WA 98290
Telephone (425) 377-1100
linda@foremansturm.com

1

## VI. LAW AND ARGUMENT

2

### A. The Duty to Defend and the Duty to Indemnify

3

"The duty to defend generally is determined from the 'eight corners' of the insurance

4

contract and the underlying complaint." *Expedia, Inc.,* at 793, 803, 329 P.3d 59. The two

5

exceptions to this rule, which allow introduction of extrinsic facts, as discussed, favor the

6

insured.  "These extrinsic facts may only be used to trigger the duty to defend; the insurer may

7

not rely on such facts to deny its defense duty." *Id.* "[I]f there is any reasonable interpretation of

8

the facts or the law that could result in coverage, the insurer must defend." *Am. Best Food, Inc. v.*

9

*Alea London, Ltd.*, 168 Wash.2d 398, 414, 229 P.3d 693 (2010). The duty to indemnify exists

10

only if the insurance policy actually covers the insured's liability, whereas the duty to defend

11

arises when the policy could conceivably cover allegations in a complaint. *Xia*, at 181-82, 400

12

P.3d 1234.

13

The Casto/Jacobs Complaint and the extrinsic facts from Ms. Casto's emails and

14

testimony (as set out below) demonstrate Plaintiffs' allegations that Evergreen's purportedly

15

negligent repairs and maintenance lead to "moisture issues" , leaks and flooding, all of which

16

could conceivably result in covered bodily injury and property damage, obligating Country

17

Mutual to defend.

### B.  Efficient Proximate Cause and *Xia*

18

The only way County Mutual can prevail on its Motion is if it can affirmatively

19

demonstrate there is no possibility, as a matter of law, Evergreen's negligence could have

20

resulted in the mold and Plaintiffs' injuries and damages. Under *Xia* and the EPC rule, that is

21

County Mutual's extremely difficult burden, which it has failed to meet. The Complaint and the

22

extrinsic evidence are more than a suggestion than Evergreen's negligence resulted in Plaintiff's

23

injuries.

24

The Supreme Court in *Xia* stated the issue: "Does an insurer breach its duty of good

25

faith by refusing to defend its insured when an alleged prior act of negligence may be the

efficient proximate cause of a loss?"  In answering "yes" to that question, the Court established

Defendant's Motion for Partial Summary Judgment & Stay
and Opposition to Plaintiff's Motion for Summary
Judgment
No. 3:20-cv-05337-TLF - 8

FOREMAN STURM & THEDE, LLP
5825 60th St. SE
Snohomish, WA 98290
Telephone (425) 377-1100
linda@foremansturm.com

the EPC rule applies to causation in liability policies.  The framing of the issue was simple and clear.

One allegation of a single prior act of negligence creates a multiple peril sequence triggering the application of the EPC.  The *Casto/Jacobs* Complaint satisfies this standard with its negligence allegations which are predicated on allegations of multiple acts and omissions, all related to Evergreen's failure to repair and maintain their Unit.

> Casto and Jacobs allege that throughout their three year tenancy, they continued to report and complain to Evergreen regarding mold and moisture issues in their unit which they attributed to leaking pipes and flooding from an upstairs unit that they allege was not properly remediated by Evergreen.[7]

If those allegations are vague or ambiguous, the extrinsic evidence (all contemporaneous with the events) adds details.  In her May 5, 2017 email Ms. Casto's hand-written comment connects later problems with the first leak.[8] Eighteen months later, November 16, 2018, Ms. Casto emails and again complains the initial leak was not repaired.[9]

On May 5, 2017, at 9:54 AM, Tiffany C <CreationsbyTiffany@hotmail.com> wrote:

*This was the reason the mold started in the first place!*

Hello!

I am writing, again, to address the mold that is in the master bathroom. There was initially a leak in the upstairs unit that caused mold to grow on the ceiling above the shower in our unit and we had a chunk of the ceiling removed and replaced. The mold started growing back and a maintenance guy came out and said their was no moisture content and to just clean the mold. However, I believe this to be untrue as the mold keeps growing back around the area where there was initially a leak. We need someone to take care of this issue, asap.

---

[7] Dkt. #1, Exh. B ¶3.4
[8] Decl. of L. Foreman, Exh. B
[9] Decl. of L. Foreman, Exh. B

Defendant's Motion for Partial Summary Judgment & Stay
and Opposition to Plaintiff's Motion for Summary
Judgment
No. 3:20-cv-05337-TLF - 9

FOREMAN STURM & THEDE, LLP
5825 60th St. SE
Snohomish, WA 98290
Telephone (425) 377-1100
linda@foremansturm.com

**********************************************************************************

**From:** Tiffany C
**Sent:** Friday, November 16, 2018 11:17:37 AM
**To:** Jackson Rentals
**Subject:** Big Maintenance Repairs

Hello!

I am writing to you with a couple of maintenance concerns.

**1)** The master bathroom had a leak from upstairs a couple of years ago and the ceiling was partially repaired, however, mold kept growing around the repaired patch. When the former maintenance guy came and looked at it, he said there was no moisture and that it was just mildew. However, it has since come back, along with it spreading more and there is now a crack in the tub wall, where the leak would have spilled, filled with mold. I would like someone to come take a look at that, as I believe there may need to be some major repairs.

The *Xia* Court did not require the insureds to prove the EPC caused the loss or that the loss resulted from the EPC. None of these stricter standards were adopted. Instead, the benefit of the doubt was given to the insured.  All the insured needs to trigger the defense is <u>an</u> allegation the EPC <u>may</u> have caused the loss.  That is met here.  To find otherwise, one would have to ignore or attach no meaning to Plaintiffs' allegations about repair and maintenance, "moisture issues," flooding and leaking.

**C.    Country Mutual's analysis of *Xia* is wrong.**

Country Mutual asserts "[T]he rule in *Xia* should only apply if the claimed injury would have occurred regardless of the toxic nature of the pollutant, or in our case, mold."[10]  The Supreme Court never stated nor concluded that.  Instead, it said the pollution exclusion was not the determining factor for coverage. Rather, the analysis turned to the determination of the EPC, which is by its very nature fact-intensive:

> Yet even if the court applies the exclusionary language correctly to the facts at hand, the analysis does not end. Courts must next consider whether, pursuant to established Washington insurance law, the excluded occurrence is in fact the efficient proximate cause of the claimed loss.

*Id.* at 181, 400 P.3d 1234

Country Mutual ignores the *Xia* Court's explanation of Washington law on efficient proximate cause and the importance of the sequence of events leading to the loss.  Saying it is

---

[10] Dkt #11 at p. 14

Defendant's Motion for Partial Summary Judgment & Stay
and Opposition to Plaintiff's Motion for Summary
Judgment
No. 3:20-cv-05337-TLF - 10

FOREMAN STURM & THEDE, LLP
5825 60th St. SE
Snohomish, WA 98290
Telephone (425) 377-1100
linda@foremansturm.com

"irrelevant how the mold got there", Country Mutual characterizes the exposure to mold as "an intervening, predominate cause."[11]  These statements directly conflict with the Court's ruling. It does matter how the mold got there:

> However, by applying the efficient proximate cause rule, it becomes equally clear that the ProBuilders policy provided coverage for this loss. The polluting occurrence here happened only after an initial covered occurrence, which was the negligent installation of a hot water heater that typically does not pollute when used as intended.

*Id.* at 185, 400 P.3d 1234

Casto/Jacobs allege four separate events resulting in the final occurrence of mold—the failed leak repair in the master bath, the kitchen sink pipe leak, the flooding in the spare bathroom, and the dishwasher problems.[12]  The initial occurrences here, negligent maintenance and repair, are covered.  Country Mutual has offered no exclusion proving otherwise.

Casto & Jacobs allege illness from mold.[13]  Country Mutual argues because exposure to mold caused their injuries, the allegations of negligence are irrelevant, neglecting the fact the Supreme Court not only ruled ProBuilders breached its duty to defend, it held ProBuilders had a duty to indemnify defendant Issaquah Highlands for the injuries plaintiff Xia suffered after falling ill from carbon monoxide from a negligently installed water heater. *Id.* at 190, 400 P.3d 1234

**D. The cases Country Mutual relies upon for applying the Fungi and Pollution Exclusions offer no guidance.**

Country Mutual relies on *Canal Indem. Co. v. Adair Homes*, *Inc.*, 737 F.Supp.2d 1294 (W.D. Wash. 2010), *aff'd*, 2011 WL 3290396 (9th Cir. 2011) for enforcing a similar mold exclusion. The appellate decision came almost six years before *Xia.* The Washington Supreme Court had not applied the EPC to liability policies until *Xia.* Thus, this later statement of Washington law supplants *Adair.*  Similarly, Country Mutual relies on a Washington appellate case predating *Xia*

---

[11] Dkt #11 at p. 15
[12] Decl. of L. Foreman, Exhs. A&B
[13] Dkt # 1, Exh. B at pp. 103-104

Defendant's Motion for Partial Summary Judgment & Stay
and Opposition to Plaintiff's Motion for Summary
Judgment
No. 3:20-cv-05337-TLF - 11

FOREMAN STURM & THEDE, LLP
5825 60th St. SE
Snohomish, WA 98290
Telephone (425) 377-1100
linda@foremansturm.com

by seven years, *Nw Bedding Co. v. Nat'l. Ins Nat'l Fire Ins. Co. of Hartford*, 54 Wn. App. 787, 225 P.3d 484, 488 (2010). Our case is distinguishable from *Nw Bedding* because the Court found water intrusion was not a covered peril.   In our case, there is no dispute that negligent repair and maintenance are covered perils.

Finally, Country Mutual relies on an unpublished decision from Wisconsin for enforcing "a nearly identical mold exclusion" and as a basis for applying the Pollution Exclusion, *Foley v. Wisconsin Mut. Ins. Co.*[14]  It has no precedential value and does not address efficient proximate cause.  Country Mutual does not explain how or why its Pollution Exclusion would override the *Xia* rule.

**E.  Liability Coverage under Section I Property**

Country Mutual overlooked this coverage. It is triggered by the Underlying Complaint. Plaintiffs alleged property damages of at least $19,000, which includes a new mattress, side tables, new couch, shoes, closes, computer desk, bike, book, and bookcases. [15] Washington law requires this part of the policy to be examined. Every insurance contract is "construed according to the entirety of its terms and conditions as set forth in the policy." *Kut Suen Lui v. Essex Ins. Co.*, 185 Wash.2d 703, 710, 375 P.3d 596 (2016). Courts in Washington do not interpret an insurance contract's phrases in isolation and give effect to each provision. *Certification From United States Dist. Court ex rel. W. Dist. of Washington v. GEICO Ins. Co.*, 184 Wash.2d 925, 930, 366 P.3d 1237 (2016).

The Property coverage promises Country Mutual will make payment directly to claimants if their personal property is damaged by a Covered Peril.  It also gives Country Mutual a choice to defend.[16]   This Property coverage, and, thus, this liability prong, is "all risk" which means the Loss is covered unless County Mutual expressly and unambiguously excludes or limits coverage.

" 'Named perils' or 'specific perils' policies provide coverage only for the specific risks enumerated in the policy and exclude all other risks." Steven Plitt, Daniel Maldonado & Joshua D. Rogers, *Introductory Concepts of the Risk; Public Policy*

---

[14] Dkt #11 at p. 11
[15] Decl. of L. Foreman
[16] Dkt #1, Exh. B at p. 67

FOREMAN STURM & THEDE, LLP
5825 60th St. SE
Snohomish, WA 98290
Telephone (425) 377-1100
linda@foremansturm.com

*Insurability, and Causation*, in 7 COUCH ON INSURANCE 3D § 101:7, at 101–17 (2006). All-risk policies, on the other hand, "provide coverage for all risks unless the specific risk is excluded." Id.; see also *Findlay v. United Pac. Ins. Co.*, 129 Wash.2d 368, 378, 917 P.2d 116 (1996) (noting that in an all-risk policy, "any peril that is not specifically excluded in the policy is an insured peril"); *Villella v. Pub. Emp. Mut. Ins. Co.*, 106 Wash.2d 806, 816, 725 P.2d 957 (1986) (noting that "[i]n the case of all risk homeowners insurance, the peril insured against would be any peril that is not specifically excluded"); *McDonald v. State Farm Fire & Cas. Co.*, 119 Wash.2d 724, 731 n. 5, 837 P.2d 1000 (1992) (describing all-risk insurance as " 'a promise to pay upon the fortuitous and extraneous happening of loss or damage ... from any cause whatsoever, ... except when occasioned by the wilful or fraudulent act or acts of the insured' " (alterations in original) (quoting 2 WARREN FREEDMAN, RICHARDS ON THE LAW OF INSURANCE § 212 (5th ed.1952))).

*Vision One, LLC v. Philadelphia Indem. Ins. Co.,* 174 Wash. 2d 501, 512-513, 276 P.3d 300 (Wash. 2017)

The Property coverage's exclusions and limitations are separate from those in the Liability coverage.  Examination of the exclusions reveals there is coverage for the Loss to personal property because allegations of causation fall outside of the scope of the exclusionary provisions. The following are the three bases for liability coverage under Property:

i. Coverage for Loss caused by the continuous or repeated leakage or seepage of water, or the presence or condensation of humidity, moisture or vapor.

There is coverage for property damages caused by the various leaks because Country Mutual's exclusion is limited to occurrences over a period of 14 days or more.[17] It does not exclude coverage for water related causes lasting a shorter period of time, like the occasional events alleged by Casto/Jacobs.  The Complaint and extrinsic evidence specifically allege repeated leakage of water from various sources resulting in coverage for indemnity.

ii. Coverage for resulting loss from Negligent Work.

The Country Mutual policy excludes **Negligent Work** such as faulty, inadequate, or defective workmanship, repair, construction and maintenance. But if Negligent **Work** results in a Covered Cause of Loss, the resulting loss is covered.[18]   Occasional water leakage, as discussed

---

[17] Dkt #1, Exh. A at p. 62
[18] Dkt #1, Exh. A at p. 62

Defendant's Motion for Partial Summary Judgment & Stay and Opposition to Plaintiff's Motion for Summary Judgment
No. 3:20-cv-05337-TLF - 13

FOREMAN STURM & THEDE, LLP
5825 60th St. SE
Snohomish, WA 98290
Telephone (425) 377-1100
linda@foremansturm.com

above, is covered and that is what Casto/Jacobs alleged. The resulting damages caused by the

water leakage are covered, another basis for indemnity.

iii.. <u>Coverage for mold.</u>

   The mold exclusion in the Liability coverage is limited to that section.[19] The Property

section addresses it separately, containing a grant of limited coverage of $15,000 for **Fungi, Wet**

**Rot and Dry Rot.**  If Covered Property is damaged by mold caused by a "specified peril",

Country Mutual will pay for "Direct physical loss or damage … caused by "fungi", including the

cost of removal.[20]  One facet of the Policy definition of "specified peril" is "water damage"

which, in turn, is defined:[21]

>    c. Water damage means accidental discharge
> or leakage of water or steam as the direct
> result of the breaking apart or cracking of
> any part of a system or appliance (other
> than a sump system including its related
> equipment and parts) containing water or
> steam.

The Casto/Jacobs allegations implicate pipes from the upstairs leaking into the Master Bathroom

and the kitchen sink pipe.  They allege these as the source of mold.  If proven correct, this

coverage should indemnify up to the $15,000 limit.

   As noted above, so long as there is coverage under the Property form, Country Mutual

could (and did) elect to defend its policyholder against claims Casto/Jacobs lodged against it for

their damaged personal property. Unlike the Liability portion of the Policy, the Property portion

unambiguously provides coverage for mold to the extent of $15,000. Further, it has unlimited

coverage for property damage caused by sporadic water leakage and/or water leakage as

resulting damage from **Negligent Work.**

   Evergreen seeks an order for Country Mutual to continue its defense.  It also seeks an

order granting indemnity because there are no material questions of fact but that Casto's and

---

[19] Dkt #1, Exh. A at p. 98
[20] Dkt #1, Exh. A at p. 55
[21] Dkt #1, Exh. A at p. 73

Defendant's Motion for Partial Summary Judgment & Stay
and Opposition to Plaintiff's Motion for Summary
Judgment
No. 3:20-cv-05337-TLF - 14

FOREMAN STURM & THEDE, LLP
5825 60th St. SE
Snohomish, WA 98290
Telephone (425) 377-1100
linda@foremansturm.com

Jacob's personal property was damaged by water leakage and/or mold.  The amount of indemnity would be determined at trial.

**MOTION TO STAY**

Defendant Evergreen requests the Court enter an Order staying all further proceedings, including discovery, in this action until completion of the pending civil case against in *Tiffany Casto and Ryan Jacobs v. Evergreen Landing, LLC,* Thurston County Superior Court Civil Case 19-2-04188-34 ("Underlying Action").

**FACTUAL BACKGROUND**

This declaratory judgment action was initiated by Country Mutual to resolve questions of insurance coverage under a policy of commercial general liability insurance issued to Evergreen arising from the Underlying Action. Country Mutual is defending Evergreen under reservations of rights. Trial is scheduled for March 15, 2021.[22] [Decl. L. Foreman] Trial of this action is set for August 16, 2021.

**A.  A Stay of the Insurance Coverage Litigation Should Be Entered to Avoid Prejudice to the Insured, Evergreen.**

The Court has discretion to stay proceedings where a party could be harmed by the action moving forward.  Judge Bryan of this Court has explained as follows:

> A district court has the inherent power to stay its proceedings. This power to stay is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  *Landis v. North American Co.,* 299 U.S. 248, 254, 57 S. Ct. 163, 81 L. Ed. 153 (1936); *see also Gold v. Johns-Manville Sales Corp.,* 723 F.2d 1068, 1077 (3rd Cir. 1983) (holding that the power to stay proceedings comes from the power of every court to manage the cases on its docket and to ensure a fair and efficient adjudication of the matter at hand).  This is best accomplished by the "exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis,* 299 U.S. at 254-55. When considering a motion to stay, the court weighs a series of competing interests: (1) the possible damage that may result from the granting of the stay, (2) the hardship or inequity which a party may suffer in being required to go forward, and (3) the orderly course

---

[22] Decl. of L. Foreman

Defendant's Motion for Partial Summary Judgment & Stay
and Opposition to Plaintiff's Motion for Summary
Judgment
No. 3:20-cv-05337-TLF - 15

of justice measured in terms of the simplifying or complicating of issues,
proof, and questions of law which could be expected to result from a stay.
*CMAX, Inc. v. Hall,* 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis,* 299
U.S. at 254-55).

*Oregon Mutual Ins. Co. v. Ham & Rye, LLC*, No. C10-579 RJB, 2010 WL 2787852 at *3 (W.D. Wash., July 14, 2010). "'A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case. This rule applies whether the separate proceedings are judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the action before the Court.'" *Ballard Condominium Owners Ass'n v. General Sec. Indem. Co. of Arizona*, No. C09-484 RSL, 2009 WL 1953004 at *2 (W.D. Wash., July 6, 2009) (quoting *Leyva v. Certified Grocers of Cal., Ltd.,* 593 F.2d 857, 863-64 (9th Cir. 1979)). In both *Oregon Mutual* and *Ballard Condominium*, this Court stayed a declaratory judgment action relating to insurance coverage pending the outcome of underlying litigation.

Similarly, Washington state courts – and courts elsewhere – have recognized that it may be appropriate to stay a declaratory judgment insurance coverage case where the policyholder would be prejudiced in the underlying action. For instance, in *W. Nat'l Assurance Co. v. Hecker*, 641 P.2d 954, 958 n. 1 (1986), the Court of Appeals observed that "a number of courts in other states have held that if an injured party sues the insured and the insurer seeks declaratory judgment concerning coverage, the court in the declaratory action cannot determine the ultimate question of the insured's liability or the facts upon which such liability is based." And, in *United Pac. Ins. Co. v. Guar. Nat'l Ins. Co*., 641 P.2d 177-178 (1982), the court stayed the effect of a declaratory judgment to allow resolution of issues in underlying action. *See also, e.g., Montrose Chem. Corp. v. Superior Court*, 861 P.2d 1153, 1162, (1993) (stay of insurer's declaratory judgment action appropriate until factual issues resolved in underlying lawsuit); *Hartford Ins. Group v. District Court*, 625 P. 2d 1013, 1016 (Colo. 1981) (trial court was correct to enter stay

Defendant's Motion for Partial Summary Judgment & Stay
and Opposition to Plaintiff's Motion for Summary
Judgment
No. 3:20-cv-05337-TLF - 16

FOREMAN STURM & THEDE, LLP
5825 60th St. SE
Snohomish, WA 98290
Telephone (425) 377-1100
linda@foremansturm.com

to avoid potential conflicting findings and potential risk to insured's defense of underlying action); *North Pac. Ins. Co. v. Wilson's Distrib. Serv., Inc.*, 908 P.2d 827, 832 (1995) (error not to stay declaratory relief action where insured was forced to taking conflicting positions between that action and the underlying action).

**B. Reasons Why Litigating Indemnity Coverage Now Will Prejudice Evergreen.**

1. <u>March 15, 2021 trial in the Underlying Action.</u>   Evergreen must prepare for the *Casto/Jacobs* trial.   If the present case proceeds beyond duty to defend issues, Evergreen will face litigation on two fronts, which necessarily distracts from the defense in the Underlying Lawsuit. With the *Casto/Jacobs* eight months away, Evergreen should be entitled to focus exclusively on defending the Underlying Lawsuit through to a determinative result and should not be awkwardly tasked to mount a simultaneous legal fight with its own insurer.

2. <u>Right to Reimbursement of Defense Fees.</u>

The Country Mutual Policy contains an endorsement which seeks to allow Country Mutual to seek reimbursement of defense fees.[23]

> If we initially defend an insured or pay for an insured's defense but later determine that none of the claims, for which we provided a defense or defense costs, are covered under this insurance, we have the right to reimbursement for the defense costs we have incurred.

Evergreen disputes Country Mutual's right to recover defense costs if the Court rules there is a duty to defend.  However, Country Mutual probably disagrees.  This disagreement leads to the risk Evergreen may be liable for reimbursement after the conclusion of the Underlying Lawsuit.  Evergreen will be severely prejudiced if, while defending the Underlying Lawsuit with the attendant risk of liability for reimbursement, it will be incurring fees for discovery and motion practice in this action.

---

[23] Dk #1, Exh. A at p. 29

Defendant's Motion for Partial Summary Judgment & Stay
and Opposition to Plaintiff's Motion for Summary
Judgment
No. 3:20-cv-05337-TLF - 17

**C.  Any Prejudice to Country Mutual Pales in Comparison**

Country Mutual's only possible retort is to argue prejudice because discovery may allow it to obtain a dismissal of Evergreen's indemnity claims. This speculative argument is insufficient to outweigh the prejudice to Evergreen of proceeding with the declaratory judgment action.  The complex factual chronology and causation issues make it highly unlikely Country Mutual will be able to successfully move to dismiss the indemnity claim.

**D.  Legal and Factual Issues will be Resolved in the Underlying Lawsuit which will Promote the Orderly Administration of Justice in the Present Lawsuit.**

If the present action is stayed, the trial of this case will be more efficient, easier, and shorter because:

1.  Factual issues will be resolved, including what specific occurrences Casto/Jacobs offer as proof of negligence and whether those occurrences can be proved to cause mold.  Further, as expert testimony is always necessary to prove causation, the issue of whether Casto/Jacobs can meet their burden of proof will be resolved.

2.  The completion of the Underlying Lawsuit will determine the total amount of indemnity dollars at issue.

3.  Certainty can also be determined as to defense dollars, an issue of importance to Country Mutual if it pursues it claim for reimbursement.

**CONCLUSION**

The Complaint, the extrinsic evidence and *Xia* carry the day because of the multiple allegations of negligence. Country Mutual's motion should be denied in its entirety.  Evergreens' motion on the duty to defend should be granted and an order finding indemnity should be entered under the Property coverage.  Then, all proceedings in this matter should be stayed pending the resolution of the Underlying Litigation.

Dated: July 24, 2020

**FOREMAN STURM & THEDE LLP**

*Linda L. Foreman*
Linda L. Foreman, WSBA #11817

Defendant's Motion for Partial Summary Judgment & Stay and Opposition to Plaintiff's Motion for Summary Judgment
No. 3:20-cv-05337-TLF - 18

FOREMAN STURM & THEDE, LLP
5825 60th St. SE
Snohomish, WA 98290
Telephone (425) 377-1100
linda@foremansturm.com

Attorney for Defendant

Defendant's Motion for Partial Summary Judgment & Stay
and Opposition to Plaintiff's Motion for Summary
Judgment
No. 3:20-cv-05337-TLF - 19

FOREMAN STURM & THEDE, LLP
5825 60th St. SE
Snohomish, WA 98290
Telephone (425) 377-1100
linda@foremansturm.com