UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

COUNTRY MUTUAL INSURANCE
COMPANY,

                         Plaintiff,

       v.

EVERGREEN LANDING LLC,

                         Defendant.

CASE NO. C20-5337 RJB-TLF

ORDER ON SUMMARY
JUDGMENT

First, the court apologizes to counsel and the parties for the delay in determining these

motions.  The delay was caused by an internal miscommunication.  The court appreciates the fact

the counsel followed WDWA LCR 7(b)(5), Decisions On Motions, in notifying the court of the

delay.

This matter comes before the Court on Plaintiff's Motion for Summary Judgment (Dkt. 11)

and Defendant's Motion for Summary Judgment on the Duty to Defend and Partial Summary

Judgment on the Duty to Indemnify (Dkt. 21).  The Court has considered the pleadings filed in

support of and in opposition to the motions and the file herein.  Plaintiff's Motion for Summary

1  Judgment (Dkt. 11) should be denied and Defendant's Motion for Summary Judgment (Dkt. 21),

2  should be granted, in part, and denied, in part.

### I.   RELEVANT FACTS AND PROCEDURAL HISTORY

**A. FACTS**

5  Plaintiff, Country Mutual Ins. Co. ("CM"), issued insurance to Defendant, Evergreen

6  Landing LLC ("Evergreen"), an owner of rental property.  Dkt. 1.  The insurance contract

7  ("Policy") regulates coverage, including the duties to defend and indemnify, between the Parties.

8  *See* Dkts. 11 and 21.  Former tenants of Defendant, Tiffany Casto and Ryan Jacobs, sued

9  Evergreen in Thurston County Superior Court, Washington State ("Casto/Jacobs Matter").  Dkt.

10  1 at 102–8; *Tiffany Casto and Ryan Jacobs v. Evergreen Landing, LLC*, Superior Court of

11  Washington for Thurston County Cause No. 19-2-04188-34.  Both Parties bring a motion for

12  summary judgment to determine the extent of their responsibilities in the Casto/Jacobs Matter.

13  Dkts. 11 and 21.

14  Casto and Jacobs allege that over the course of their three-year tenancy with Evergreen,

15  "continuing mold and moisture issues" resulted in "significant medical issues."  Dkt. 1 at 103.

16  The Casto/Jacobs Complaint alleges multiple causes of action, including negligence, and states,

17  "[a]s a direct and proximate result of the negligent actions of Defendant, Plaintiffs have been

18  damaged in an amount to be fully proven at the time of trial."  *Id*. at 103–4.

19  The Policy includes a Washington specific "FUNGI OR BACTERIA EXCLUSION

20  (LIABILITY)" ("Mold Exclusion").  Dkt. 1 at 98.  The Mold Exclusion excludes liability

21  coverage for "bodily injury" or "property damage" and "[a]ny loss, cost or expense arising out of

22  . . . 'fungi' or bacteria[.]"  *Id.*

23

24

1    Evergreen asserts that despite the Fungi or Bacteria Exclusion, CM has a duty to defend.

2    Dkt. 21.  Evergreen argues both that "negligence" could be a covered event and that the

3    Casto/Jacobs Complaint alleges covered property damage, both of which are sufficient

4    allegations to trigger the duty to defend.  *See id*.  Furthermore, Evergreen claims "[q]uestions of

5    fact preclude ruling on <u>indemnity</u> for bodily injury and the amount of damages of personal

6    property."  Dkt. 21 at 1 (emphasis added).

7    CM argues that the Policy as a whole relieves it both of the duty to defend and of the duty to

8    indemnify.  Dkts. 11 and 22.

9    The Policy, including the Mold Exclusion, can be found at ECF Docket 1, pages 13–97.   The

10   Casto/Jacobs Complaint can be found at Docket 1, pages 100–05.

11   **B.  PROCEDURAL HISTORY**

12   On June 18, 2020, CM brought a motion for summary judgment.  Dkt. 11. In addition to

13   arguing that that it has no duty to defend or indemnify Evergreen in the Casto/Jacobs Matter, CM

14   requests reimbursement and defense costs.  Evergreen did not file a response, but CM filed a

15   "reply" on July 24, 2020 (Dkt. 19).

16   Also on July 24, 2020, Evergreen brought its own motion for summary judgment (Dkt. 21).

17   Evergreen argues for summary judgment finding that CM has duty to defend, a duty in the

18   Casto/Jacobs Matter, and a duty to indemnify loss to Casto and Jacobs' personal property.  *Id.* at

19   6.  Evergreen also moves to stay this matter pending resolution of the Casto/Jacobs Matter.  *Id.*

20              **II.     <u>DISCUSSION</u>**

21   **A.  SUMMARY JUDGMENT STANDARD**

22   Summary judgment is proper only if the pleadings, the discovery and disclosure materials

23   on file, and any affidavits show that there is no genuine issue as to any material fact and that the

24

movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56 (a). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985).  There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt.").  Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Service Inc. v. Pacific Electrical Contractors Association*, 809 F.2d 626, 630 (9ᵗʰ Cir. 1987).

The determination of the existence of a material fact is often a close question.  The court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases.  *Anderson*, 477 U.S. at 254, *T.W. Elect. Service Inc.*, 809 F.2d at 630.  The court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party.  The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim.  *T.W. Elect. Service Inc.*, 809 F.2d at 630 (relying on *Anderson, supra*).  Conclusory, non-specific statements in affidavits are not sufficient, and "missing facts" will not be "presumed."  *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888-89 (1990).

**B.  COUNTRY MUTUAL HAS A DUTY TO DEFEND**

To determine whether an insurer has a duty to defend, a court considers the "eight corners" of the complaint and the insurance contract.  *Woo v. Fireman's Fund Ins. Co.*, 161 Wash. 2d 42, 52–53 (2007).  There are two exceptions to the eight corners rule: (1) if coverage is not clear from the face of the complaint but could exist, the insurer must investigate and give the insured the benefit of the doubt concerning the duty to defend; and (2) if the allegations in the complaint are ambiguous or conflict with facts known to the insurer, facts outside the complaint may be considered.  *Expedia, Inc. v. Steadfast Ins. Co.,* 180 Wash.2d 793, 802, 329 P.3d 59 (2014).

"The duty to defend 'arises at the time an action is first brought, and is based on *the potential for liability*.'" *Woo*, 161 Wash. 2d. at 52–53 (quoting *Truck Ins. Exch. v. VanPort Homes, Inc.*, 147 Wash. 2d 751, 760 (2002).  "An insurer is not relieved of its duty to defend unless the claim alleged in the complaint is 'clearly not covered by the policy.'"  *Id.* at 53.

When a lawsuit includes both covered and uncovered matters, the "efficient proximate cause" rule provides coverage "where a covered peril sets in motion a causal chain, the last link of which is an uncovered peril."  *Xia v. ProBuilders Specialty Ins. Co.*, 188 Wash. 2d 171, 182–83 (2017).  An insurer cannot circumvent the efficient proximate cause rule.  *Xia*, 188 Wash. 2d at 185.  If a covered peril causes an uncovered peril, then the insurer has a duty to defend.  *Id.* at 183.  "[A]n insurer has a duty to defend a complaint against an insured until it is clear that the claim is not covered."  *Id.* at 182.

It is not clear from the face of the Casto/Jacobs Complaint whether CM has a duty to defend. While the Court finds, and the Parties appear to agree, that the Washington Fungi or Bacteria Exclusion unambiguously relieves CM of duties related to injury or damage arising out of "mold," it remains unsettled whether a covered peril caused the mold.  *See* Dkts. 11 and 21.  The

Fungi or Bacteria exclusion cannot contract around efficient proximate cause rule, so a covered peril that results in excluded "mold" damage will result in a duty to defend.

The Policy stipulates that CM will "the duty to defend the insured against any 'suit' seeking" "sums that the insured becomes legally obligated to pay as damages because of 'property damage' to which this insurance applies to a 'tenant's property'[.]" Dkt. 1 at 42. The Casto/Jacobs Complaint claims that Evergreen's "negligence" caused damages "in an amount to be determined at trial." Dkt. 1 at 104. The Policy appears to cover both damage to a tenant's property under some circumstances and to cover damage caused by certain types of negligence. *See id.* at 42, 74. For example, the Policy covers "medical expenses" and "property damage" and does not exclude coverage for damage from perils like negligent installation or maintenance of water pipes. *Id.*

Evergreen submitted emails and deposition testimony from the Casto/Jacobs Matter in an attempt to resolve ambiguity in the Casto/Jacobs Complaint. Dkt. 24. While the extrinsic evidence indicates that the Casto/Jacobs Plaintiffs do allege damage to personal property, the evidence does not establish that the alleged negligence is a covered peril. *See id.*

The eight-corners of the Casto/Jacobs Complaint and the Policy do not foreclose on the possibility of liability for CM. Until it is clear that there was not an initial covered peril in the Casto/Jacobs Matter, CM has a duty to defend. CM's motion for summary judgment on the duty to defend should be denied, and Evergreen's motion for summary judgment on the duty to defend should be granted, in part. It may become clear at a later date that an uncovered peril was the efficient proximate cause of the mold, at which point CM would no longer have a duty to defend.

**C.  ISSUES OF FACT PRECLUDE DECIDING THE DUTY TO INDEMNIFY**

CM moves for summary judgment declaring that it has no obligation to indemnify Evergreen with respect to the Casto/Jacobs Matter.  Evergreen seeks summary judgement declaring that CM has a duty to indemnify damage to personal property in the Casto/Jacobs Matter.  Dkt. 21.

"In contrast [to the duty to defend], the duty to indemnify 'hinges on the insured's *actual liability* to the claimant and *actual coverage* under the policy."  *Woo*, 161 Wash. 2d at 53.

As with the duty to defend, issues of fact preclude deciding the duty to indemnify.   In addition to uncertainty regarding liability coverage, the Policy includes property coverage for damages including "leakage or seepage of water" under certain circumstances, "Negligent Work" under certain circumstances, and "Coverage for mold" under certain circumstances.  Dkt. 21 at 13–14.  For example, the Policy excludes coverage for damage from "leakage or seepage" of water underlining occurring over a period of 14 days or more.  Dkt. 1 at 62.  It is not yet clear whether leakage or seepage caused property damage or, if so, whether the leakage or seepage occurred for more or less than 14 days.  In addition, the Policy "will pay" for "Negligent Work" that "results in a Covered Cause of Loss."  *Id.* at 62.  It is not yet clear whether there was a Covered Cause of Loss.  The duty to indemnify, therefore, is possible, but not yet certain.  Until there are determinations of fact on CM's actual liability, summary judgment is inappropriate.  Both Parties' requests for a finding of indemnity should be denied.  Dkts. 11 and 21.

**D.  MOTION TO STAY SHOULD BE DENIED**

Based on this Court's "exercise of judgment," Evergreen's motion to stay should be denied. *Landis v. North American Co.*, 299 U.S. 248, 254–55 (1936).  Both Parties have an interest in quick and definitive resolution of this matter.  Issues of fact preclude further resolution of this

matter at this time.  Should that change, the Parties may move for further resolution.

Evergreen's motion to stay (Dkt. 21) should be denied.

**E.  COUNTRY MUTUAL'S MOTION TO STRIKE SHOULD BE DENIED**

Country Mutual moves to strike Evergreen's Motion for Summary Judgment (Dkt. 21) on the basis that Evergreen failed "to timely file its opposition to Plaintiff's motion for summary judgment" (Dkt. 11).  Dkt 22 at 2.  CM alleges that failure was in bad faith and should result in Evergreen's motion and accompanying declaration being stricken.  *Id.*, citing Fed. R. Civ. P. 6(b) and LCR 7(j).

Under Fed. R. Civ. P. 6(b), a court may extend the time a party has to respond to a motion based on (1) a motion for an extension of time, or (2) excusable neglect.  Although Evergreen did fail to timely respond to CM's motion and instead filed its own motion for summary judgment four days after the agreed upon response date, *see* Dkt 22 at 2, Evergreen claims mediation proceedings and evidence from the Casto/Jacobs matter caused and excuse the dely.  Dkt. 25 at 11.  Evergreen's excuse is reasonable and there is no evidence that the short delay prejudiced CM. CM's Motion to Strike (Dkt. 22) should be denied.

### III.   ORDER

Therefore, it is hereby **ORDERED** that:

- Plaintiff's Motion for Summary Judgment (Dkt. 11) is **DENIED**;

- Defendant's Motion for Summary Judgment (Dkt. 21) is **GRANTED, IN PART**;

- Defendant's Motion to Stay (Dkt. 21) is **DENIED;**

- Plaintiff's Motion to Strike (Dkt. 22) is **DENIED**.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 13th day of October, 2020.

ROBERT J. BRYAN
United States District Judge